UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH VOLFMAN,

                           Plaintiff,

            -v-

MISS DU'S TEA SHOP INC.
*and* EAST STONE LLC,

                          Defendants.

24 Civ. 2973 (PAE) (BCM)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

On April 19, 2024, plaintiff Joseph Volfman filed this lawsuit against Miss Du's Tea Shop Inc. ("Miss Du's") and East Stone LLC ("East Stone"). Dkt. 1 ("Complaint" or "Compl."). His Complaint alleges disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"); the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* ("NYSHRL"); the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.* ("NYSCRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4) ("NYCHRL").

On September 17, 2024, East Stone moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. Dkt. 19.[1] It argued that Volfman lacked Article III standing, on the ground that the Complaint does not adequately plead

---

[1] Also on September 17, 2024, Miss Du's filed an Answer. Dkt. 16.

injury in fact. *Id.* at 4.[2] The Court referred the motion to United States Magistrate Judge Barbara C. Moses. Dkt. 21.

On April 18, 2025, Judge Moses issued a Report and Recommendation. Dkt. 25 (the "Report"). It recommended that the Court deny the motion to dismiss. On May 2, 2025, East Stone filed objections to the Report. Dkt. 28 ("Obj."). On May 15, Volfman responded. Dkt. 29.

The Court incorporates by reference the summary of facts provided in the Report. For the following reasons, the Court adopts the Report's recommendation in its entirety.

## I. Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).

---

[2] East Stone cited Rule 12(b)(1) and Rule 12(b)(6) in its motion to dismiss, but only the former is a proper procedural mechanism to challenge Article III standing. *All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006).

East Stone objects to the Report's finding that the Complaint adequately pleads an injury in fact. In the Second Circuit, an ADA plaintiff like Volfman who seeks prospective injunctive relief sufficiently pleads injury in fact where:

> (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' businesses to plaintiff's home, that plaintiff intended to return to the subject location.

*Calcano v. Swarovski*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2013)). Here, East Stone argues that (1) the Complaint does not plausibly plead that Volfman suffered a "past injury," Obj. at 5; and (2) its factual allegations do not support a reasonable inference that Volfman intends to return to Miss Du's or otherwise faces a risk of future harm, *id.* at 8.[3]

As an initial matter, East Stone's objections regurgitate its arguments before Judge Moses. There, East Stone urged—unsuccessfully—that the Complaint pleads "no facts to support his conclusory claims that he intends to return in the future," Dkt. 19 at 9, and that it was "implausible that he intends to return to" Miss Du's, *id.* at 5. But "a party fails to properly object if she makes only conclusory or general objections, or simply reiterates her original arguments,"

---

[3] East Stone also argues that "policy considerations"—independent of Article III's jurisdictional requirements—should persuade the Court to find a lack of standing. *See* Obj. at 11. That is wrong. Federal courts have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821) (Marshall, C.J.). And "[a] court with jurisdiction has a 'virtually unflagging obligation' to hear and resolve questions properly before it." *FBI v. Fikre*, 601 U.S. 234, 240 (2024) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). To the extent that East Stone complains that the ADA "yields anomalous policy consequences" by empowering a litigant in Volfman's shoes to seek relief, its "recourse lies in Congress, not in the courts where litigants are generally entitled to expect that statutes will 'be enforced as written.'" *Feliciano v. Dep't of Transp.*, 145 S. Ct. 1284, 1296 (2025) (quoting *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 525 (2018)); *cf. Kreisler*, 731 F.3d at 188 (ADA "generously confers the right to be free from disability-based discrimination" (cleaned up)).

3

making the underlying Report and Recommendation reviewable only for clear error. *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024); *see also, e.g., Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (noting "rule" that "when the party makes only conclusory or general objections, or simply reiterates his original arguments, the district court reviews the Report and Recommendation only for clear error" (quoting *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009))); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (applying clear error standard to "merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition" (internal quotation marks omitted)); *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (similar). Applying that principle, East Stone's objections fail, as there is no facial error in the Report's finding of Article III standing.

Even were the Report reviewed *de novo*, East Stone's various objections would fail.

First, East Stone is mistaken that the Complaint does not plead past injury. A plaintiff's having been deterred from using a covered facility "constitutes an injury under the ADA." *Kreisler*, 731 F.3d at 188. Thus, an individual with a disability can plead an injury in fact by plausibly alleging that he was deterred from accessing a noncompliant facility; he "need not attempt to overcome an obvious barrier . . . , which in some cases could result in physical harm." *Calcano*, 36 F.4th at 75 n.4 (citation omitted). Here, the Complaint has fairly pled that Volfman has a disability and was deterred from accessing Miss Du's based on, among other barriers, its wheelchair-inaccessible entrance. It alleges that Volfman has cerebral palsy and requires a wheelchair to move about. *See* Compl. ¶ 6 ("[P]laintiff has been and remains bound to ambulate in a wheelchair, having been born with spastic diplegia cerebral palsy with mild involvement of the right arm."). It also alleges that he has wished to try Miss Du's "healthy, low calorie fruit

drinks and teas drinks"—in particular, the "Purple Taro Bubble Milk Tea" based on its favorable online reviews. *See id.* ¶¶ 21–22 ("Google user reviews have described the Defendant's drinks as 'refreshing,' 'an absolute delight,' and 'just perfect.'"). But, it alleges, on February 23, 2024, Volfman attempted, and was unable, to enter Miss Du's because there was a "significant step at the main entrance" and no ramp for wheelchairs. *Id.* ¶¶ 20, 24–25; *see also* Report at 2. And, it alleges, Volfman did not have a means to contact "the interior of the Premises for assistance." Compl. ¶ 25; *see also id.* ¶ 26 ("The encounter caused plaintiff to feel embarrassed and discriminated against."). These allegations plausibly plead a concrete and particularized past injury for standing purposes. *See, e.g., Kreisler*, 731 F.3d at 188–89; *Gannon v. 124 E. 40th St. LLC*, No. 22 Civ. 361, 2024 WL 4107746, at *2 (S.D.N.Y. Sept. 6, 2024) (allegation that "Plaintiff was unable to enter the Property due to the step and lack of ramp" on specific date demonstrated past injury); *Thorne v. Cap. Music Gear LLC*, No. 23 Civ. 776, 2024 WL 1604273, at *3 (S.D.N.Y. Apr. 12, 2024) ("a specific date" and "specific accessibility barriers" are "sufficient" to allege past injury); *Range v. Grand Greene LLC*, No. 24 Civ. 2500, 2025 WL 1144700, at *4 (S.D.N.Y. Apr. 17, 2025) (plaintiff "sufficiently allege[d] that he was denied full and equal access to the property [on multiple occasions] due to structural barriers").

Second, East Stone is wrong to argue that the Complaint does not plausibly allege that Volfman intends to return to Miss Du's. To satisfy standing, a plaintiff seeking forward-looking injunctive relief must plausibly plead a "'material risk of future harm' that is 'sufficiently imminent and substantial.'" *Calcano*, 36 F.4th at 72 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021)). That inquiry considers, among other factors, the "definiteness of the plaintiff's plan to return" and the "frequency of the plaintiff's travel near the defendant's business." *Id.* at 75 (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir.

5

2021)). For three reasons, the Complaint adequately pleads that Volfman intends to return to Miss Du's and thus faces "a real and immediate threat of future injury" on account of its access barriers. First, the Complaint alleges, positive online reviews have inspired in Volfman an ongoing interest in patronizing Miss Du, such that he would return were the access barriers removed. *See* Compl ¶¶ 21, 23, 40. And it identifies a specific product that Volfman is interested in purchasing: the Purple Taro Bubble Milk Tea. *Id.* ¶ 22; *see Davis v. Wild Friends Foods, Inc.*, No. 22 Civ. 4244, 2023 WL 4364465, at *6 (S.D.N.Y. July 5, 2023) (finding intent to return where plaintiff "provid[ed] details about his past visits to the Website, including what item he hoped to purchase"); *Range*, 2025 WL 1144700, at *5 (plaintiff's observations of "[the store's] display windows and . . . its website" supported intent to return). Second, the Complaint alleges that Volfman regards the Purple Taro Bubble Milk Tea as a distinctive product not widely available in other bubble tea shops. *See* Compl. ¶ 22; *cf. Gannon v. Yan Ping Ass'n*, No. 22 Civ. 1675, 2023 WL 6292533, at *3 (S.D.N.Y. Sept. 22, 2023) (plaintiff failed to "explain why he has the desire to return to this particular used clothing store out of the numerous such businesses that exist in Manhattan"). Third, the Complaint alleges that, although Volfman lives some 30 minutes away, he travels to downtown Manhattan for work multiple times each month, and on those trips, is near Miss Du's. Compl. ¶¶ 18, 23 ("Plaintiff travels to the downtown Manhattan neighborhood where the Premises is located approximately 3–5 times per month for work related purposes such as meeting clients, visiting venues, and performing gig . . . [online] reviews were a motivation for Plaintiff to try to patronize the Defendant's restaurant"); *see, e.g.*, *Guerrero v. Ogawa USA Inc.*, No. 22 Civ. 2583, 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (inferring intent to return "based on [p]laintiff's multiple previous visits to the Website and the ease of accessing the Website again once the alleged accessibility barriers are removed");

*Sookul v. Fresh Clean Threads, Inc.*, 754 F. Supp. 3d 395, 404 (S.D.N.Y. 2024) (similar). The Report correctly found, based on these allegations, that the Complaint has plausibly pled that Volfman intends to return to Miss Du's and thus alleges "a real and immediate threat of future injury," *Calcano*, 36 F.4th at 75.

The cases cited by East Stone are inapposite. *See* Obj. at 8–11. Unlike in this case, the pleadings there had threadbare allegations supporting the plaintiff's intent to return. In *Gannon v. JBJ Holdings LLC*, the "plaintiff [did] not allege that he intend[ed] to return to the Premises in the future" and "none of the factual allegations in the Complaint reasonably support[ed] such an inference." No. 22 Civ. 1674, 2022 WL 6698222, at *3 (S.D.N.Y. Oct. 11, 2022). In *Hennessey v. Poetica Coffee, Inc.*, the complaint lacked factual allegations "regarding [plaintiff's] proximity and intent to return" to defendant's place of business. No. 21 Civ. 5063, 2022 WL 4095557, at *4 (E.D.N.Y. Sept. 7, 2022); *accord Gannon v. 31 Essex Street LLC*, No. 22 Civ. 1134, 2023 WL 199287, at *4 (S.D.N.Y. Jan. 17, 2023) ("Gannon does not refer to any specific facts to support his assertion [that he intends to return]"). In *Gannon v. Yan Ping Ass'n*, the complaint lacked allegations that plaintiff "ha[d] the desire to return to [defendant's] particular used clothing store out of the numerous such businesses that exist in Manhattan." 2023 WL 6292533, at *3; *accord Gannon v. Hua Da Inc.*, No. 22 Civ. 1650, 2023 WL 2664012, at *2 (S.D.N.Y. Mar. 28, 2023) (plaintiff "fail[ed] to explain 'what is distinctive about' Defendants' delicatessen and grocery—one of literally thousands on the island of Manhattan" (citation omitted)). For the reasons noted, the Complaint here does not suffer from these pleading defects. *See* Compl. ¶¶ 18, 21–22.

7

## CONCLUSION

For the reasons above, the Court adopts the Report and denies East Stone's motion to dismiss. The Court directs the parties to contact Judge Moses's chambers, by June 23, 2025, to schedule an initial pretrial conference. *See* Dkt. 7 (referral for general pretrial management).

The Court respectfully directs the Clerk of the Court to close the motion pending at docket 27.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 9, 2025
New York, New York